888 F.2d 1391
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence JOSEPH, Plaintiff-Appellant,
v.
CITY COMMISSION of the CITY OF BIRMINGHAM, et al.,
Defendants-Appellees.
 No. 88-1891.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1989.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and RICHARD B. McQUADE, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff appeals from an order of the district court denying his motion to extend the time for filing a notice of appeal pursuant to Fed.R.App.P. 4(a)(5). According to plaintiff's counsel, he prepared a notice of appeal, but the notice was not filed within thirty days, due to the oversight of his office clerical staff. The district court judge did not find this excuse to be within the purview of the excusable neglect standard of Fed.R.App.P. 4(a)(5), and denied the motion. Because we are unable to say that the district court's order amounts to an abuse of discretion, it is affirmed.
 
 
 2
 Apparently, after preparing and signing a notice of appeal, plaintiff's counsel delivered it to his secretary with instructions to obtain a check for filing fees and file the notice with the court. However, staff misplaced the notice in a pile of bills and neglected to either obtain a check or file the notice with the court. Only after the deadline passed did counsel discover the oversight.
 
 
 3
 Plaintiff's counsel argues that his conduct amounted to substantial diligence in attempting in good faith to file the notice of appeal on time, and that this is sufficient to bring the oversight within the excusable neglect standard. However, counsel concedes that after giving the notice of appeal to his secretary, he took no further action to ensure that it was filed. He neither followed the near-universal practice of diarying the date the notice was due, nor in any other manner assured that his directions were followed by staff. Clearly, the district court judge could reasonably conclude that while counsel's conduct constituted neglect, that neglect was not excusable.
 
 
 4
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., United States District Judge for the Northern District of Ohio, sitting by designation, participated in oral argument but, due to his resignation effective October 1, 1989, took no part in the opinion